_____ FILED   _____ ENTERED
_____ LOGGED   _____ RECEIVED

*KOH*
MFD: USAO 2020R00690

4:20 pm, Apr 07 2021

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** PJM 21-cr-87 |
| | * | |
| **SONYA BANNISTER BURFORD,** | * | **(Theft of Government Property,** |
| | * | **18 U.S.C. § 641; Aiding and** |
| **Defendant** | * | **Abetting, 18 U.S.C. § 2; Forfeiture,** |
| | * | **18 U.S.C. § 981(a)(1)(C), 21 U.S.C.** |
| | * | **§ 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

**\*\*\*\*\*\*\***

## INFORMATION

### COUNT ONE
### (Theft of Government Property)

The Acting United States Attorney for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Information:

1.      The defendant, **SONYA BANNISTER BURFORD** ("**BURFORD**"), was a resident of Upper Marlboro, Maryland.

2.      The Social Security Administration ("SSA") was an agency of the United States within the United States Government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq.  These programs included Social Security Disability Insurance ("SSDI"), which made monthly benefit payments to individuals who had worked and paid social security taxes but had become disabled and unable to work.

3.      Individual 1 was an SSDI beneficiary who died on or about August 30, 1996 and who was married to and survived by **BURFORD**.

4.      At the time of Individual 1's death in 1996, Individual 1 was receiving monthly SSDI benefit payments by direct deposit into a bank account jointly titled to Individual 1 and **BURFORD** (the "Joint Account").

5.      **BURFORD** did not notify SSA of Individual 1's death and, instead, allowed SSA to continue to make payments intended for Individual 1 to the Joint Account.

6.      Each month after Individual 1's death, **BURFORD** would access and spend the benefits payments made into the Joint Account through ATM withdrawals, or by purchasing prepaid debit and gift cards.

7.      By the time SSA learned of the theft and suspended the payments, **BURFORD** had stolen at least $322,938 in benefits payments made to Individual 1 to which she was not entitled.

**The Charge**

8.     Between in or about September 1996 and in or about January 2020, in the District

of Maryland, the defendant,

**SONYA BANNISTER BURFORD,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money

and thing of value of the United States and any department and agency thereof, with an

aggregate value that exceeded $1,000, that is, Social Security Title II Disability Insurance

Benefit Payments to which she was not entitled.


18 U.S.C. § 641
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Acting United States Attorney for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Count One of this Information.

### Theft of Government Property Forfeiture

2.      Upon conviction of the offense set forth in Count One of this Information, the defendant,

### SONYA BANNISTER BURFORD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, including, but not limited to, a money judgment in the amount of **at least $322,938 in United States currency**.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c), to seek forfeiture of any other property of said defendant up to the value of the

forfeitable property described above.


18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)


Dated: April 7, 2021                                     _____

                                                         Jonathan F. Lenzner
                                                         Acting United States Attorney